UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| VINCENT AQUINO, | : |
| Plaintiff, | : |
| v. | : File No. 1:11-CV-212 |
| SAMUEL WATTS, | : |
| Defendant. | : |

## RULING ON MOTION IN LIMINE

This diversity case[1] presents personal injury negligence claims arising out of a December 2010 skier to skier collision at Stratton Mountain ski resort in Stratton, Vermont.  (Doc. 47.)  Defendant Samuel Watts (Watts or Defendant) has filed a motion in limine seeking a pretrial order limiting the presentation of damages at trial to the amounts actually paid by plaintiff Vincent Aquino's (Aquino or Plaintiff) insurer.  (Doc. 56.)  Aquino opposes the motion.  (Doc. 58.)  For the reasons that follow, the motion is denied.

In Vermont personal injury cases, "compensation is provided, as nearly as possible, to restore a person damaged to the position he would have been in had the wrong not been committed."  My Sister's Place v. City of Burlington, 433 A.2d 275, 281 (Vt. 1981).  The measure of damages for medical expenses is "the reasonable value of the services rendered to the plaintiff." Smedberg v. Detlef's Custodial Serv., Inc., 940 A.2d 674, 685 (Vt. 2007) (internal quotation marks and citation omitted).  Vermont courts, however, apply the collateral source doctrine which prevents a defendant from receiving a setoff for payment the plaintiff receives from a third, or "collateral," source.  Hall v. Miller, 465 A.2d 222, 225 (Vt. 1983).  In other words, the rule "allows a plaintiff full

---

[1] As jurisdiction in this case is based on diversity of citizenship, the Court applies federal procedural law and Vermont substantive law.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

recovery against a tortfeaser even where he is otherwise compensated by a source independent of the tortfeaser." Coty v. Ramsey Assocs., 546 A2d 196, 204 (Vt. 1988). The rule's purpose is "to prevent the wrongdoer from escaping liability for his or her misconduct," regardless of whether a plaintiff is also compensated for injuries by an independent source. Windsor Sch. Dist. v. State, 965 A.2d 528, 542 (Vt. 2008). Evidence that a plaintiff has received compensation for injuries from insurance is therefore inadmissible in support of mitigation of damages. Houghton v. Leinwohl, 376 A.2d 733, 737 (Vt. 1977). Watts seeks to limit Aquino's compensation to "the amount paid by his insurer, which is the only true measure of the reasonable value of his treatment." (Doc. 56 at 2.)

As noted by this Court, the Vermont Supreme Court has not decided whether the collateral source rule applies to bar evidence of third party payment that is directed to proof of the value of medical services rendered rather than to proof of the amount of damages owed by a defendant.[2] Melo v. Allstate Ins. Co., 800 F. Supp. 2d 596, 599 (D. Vt. 2011). The Melo Court, after thorough analysis, predicted the Vermont Supreme Court would apply the collateral source rule to "bar the introduction of evidence of the amount paid by a health insurance company to prove the reasonable value of medical services rendered." Id. at 601.

This holding, however, does not support Aquino's argument that he is entitled to the full amount of his healthcare providers' bills for medical services as ipso facto the reasonable value of those services. See Doc. 58 at 9. Both parties seek to have the Court invade the province of the jury: Watts requests the Court determine the amount actually paid by Aquino's insurer is the reasonable value of services rendered while Aquino asserts the amount charged is the reasonable value. As Judge Sessions noted:

---

[2] The issue, however, is currently before the Vermont Supreme Court in Heco v. Johnson Controls, Inc., No. 2013-473 (Vt. argued May 20, 2014).

> It is the province of the jury to determine the reasonable value of [Plaintiff's] care. The amount [Plaintiff's] healthcare providers billed is evidence of that value, but it may not be the sole evidence.  This Court has concluded that the collateral source rule bars [Defendant] from introducing evidence of the amount actually accepted by [Plaintiff's] healthcare providers; [Defendant] may, however, introduce any relevant evidence of the reasonable value of medical services that is not barred by the collateral source rule.[]  This may include, for example, evidence as to what the provider usually charges for the services provided, or what other providers usually charge.

Melo, 800 F. Supp. 2d at 602 (footnote omitted).  The "discounted rate that an insurance company may have negotiated may bear as little relationship to the reasonable value of the medical services as the amount originally billed."  Id. n.2.  The amount that represents the "reasonable value" of medical services is for the jury to determine.

For the above reasons, Watt's motion in limine (Doc. 56) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of May, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge